IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA.

DEANNA WILLIAMS,

    Plaintiff,

v.

BANK OF AMERICA CORPORATION,
a foreign corporation,

    Defendant.
_____/

CASE NO.:
DIVISION: 16-2004-CA-008206 -XXXX-MA

DIVISION CV-B



THIS INSTRUMENT IN COMPUTER C.S.

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, DEANNEA WILLIAMS (hereinafter Plaintiff) sues Defendant, BANK OF AMERICAN CORPORATION, a foreign corporation, (hereinafter Defendant), and states:

1. This is an action for damages which exceeds the amount of fifteen thousand dollars ($15,000.00), exclusive of interest, costs and attorney's fees.

2. At all times material hereto, the Plaintiff was and is a resident of Jacksonville, Duval County, Florida.

3. At all times material hereto Defendant had and continues to have its' principle place of business in Jacksonville, Duval County, Florida..

### GENERAL ALLEGATIONS

4. Plaintiff was hired by Defendant on or about May 12, 1996.

5. On or about March 31, 2004, Plaintiff's position of employment with Defendant was terminated.

6. Plaintiff was told the reason for her termination was because of a violation of the Code of Ethics, resulting from the Plaintiff's use of rate increases on CD's.

7. Prior to her termination, the Plaintiff had been giving rate increases for over twelve (12)

months, this was a standard practice for Bank of America.

8. Every male employee within the Defendant corporation gave rate increases.

9. Chris Staver, the Consumer Market Manager, was responsible for monthly structured coaching visits to Plaintiff's Banking Center. At no time, had Mr. Staver informed and/or coached Plaintiff that her actions regarding rate increases were incorrect.

10. Kevin Cobb, the Consumer Market Executive, was also responsible for reviewing structured coaching visit reports for the Plaintiff's Banking Center. At no time, had Mr. Cobb informed and/or coached Plaintiff that her actions regarding rate increases were incorrect.

11. Kevin Cobb began his position as the Consumer Market Executive as of August/September 2000. Mr. Cobb managed thirty-eight (38) banking centers.

12. Mr. Cobb began systematically firing women in positions of authority around January 2003 when he inherited eight additional banking centers.

13. From January 2003 through March 2004, Kevin Cobb had terminated six (6) female managers, demoted ten (10) other females from positions of greater authority, and strongly encouraged seven (7) other females to pursue positions outside of his department.

## COUNT I: GENDER DISCRIMINATION

14. Plaintiff realleges paragraphs 1 - 12, as if fully set forth herein, and further alleges:

15. This action is brought against the Defendant on the basis of an unlawful discriminatory practice relating to plaintiff's gender.

16. Section 760.10(1)(a), Florida Statutes(1993), states that it is an unlawful employment practice for an employer...to discriminate against any individual with respect to compensation, terms, conditions or privileges of employment because of such individual's...gender.

17. On or about June 1, 2004, Plaintiff timely filed a Charge of Discrimination on the basis of

her gender which was received by the Florida Commission on Human Relations (FCHR) on June 3, 2004. The statutory 180 day period of review, pursuant to Section 760.11(8), Florida Statutes, has expired prior to the filing of this Complaint.

18. All statutory pre-requisites have been complied with prior to the filing of this complaint.

19. The Charge of Discrimination referred to paragraph seventeen (17) was filed within three hundred and sixty five (365) days from the date of the last discriminatory act in accord with chapter 760 Florida Statutes.

20. Over one hundred and eighty (180) days have passed from the date of the receipt of the charge of discrimination without a determination being made by the FCHR, therefore, no determination of reasonable cause is necessary for the Plaintiff to proceed with this action.

21. At all times material hereto the Plaintiff is and has been a member of protected class pursuant to Chapter 760, Florida Statutes.

22. The Plaintiff's gender was the sole or motivating factor which contributed to the discrimination against her in the terms, conditions and/or privileges of her employment.

23. As a direct and proximate result of the actions of its' agents and/or employees, the Defendant has caused the Plaintiff to suffer lost wages, past, present and future, mental anguish, pain and suffering and loss of dignity.

24. The Defendant's acts of discrimination were performed with malice and reckless indifference to Plaintiff's protected civil rights. Section 760.11(5), Florida Statutes, (1993), provides that punitive damages may be awarded and the provision of Section 768.72 and 768.73, Florida Statutes, do not apply.

25. Plaintiff has obligated herself to pay a reasonable attorney's fee, including costs, in connection with the bringing of this action. Section 760.11(5), Florida Statutes, provides that a reasonable attorney's fee, including costs, may be awarded to the prevailing party.

**WHEREFORE,** the Plaintiff demands judgment against the Defendant for back pay, front pay, compensatory and punitive damages, pre-judgment interest, costs, attorney's fees, and any further relief the Court deems just and proper.

### REQUEST FOR JURY TRIAL

PLAINTIFF HEREBY REQUESTS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully submitted,

_____
DAVID B. SACKS, ESQUIRE
Florida Bar No.: 964409
1824 Atlantic Boulevard
Jacksonville, FL 32207
(904) 634-1122; fax (904) 355-8855
Email: david@sackslegal.com
Attorney for Plaintiff

4

STATE OF FLORIDA
DUVAL COUNTY
1. THE UNDERSIGNED Clerk of the Circuit Court, Duval County, Florida, DO HEREBY CERTIFY the within and foregoing is a true and correct copy of the original as it appears of record and file in the office of the Clerk of Circuit of Duval County, Florida.
WITNESS my hand and seal of Clerk of Circuit Court at Jacksonville, Florida, this ___ day of DEC A.D. 20__
JIM FULLER
Clerk, Circuit and County Courts
Duval County, Florida
By: _____
Deputy Clerk